**Gene and Debra WEBB,
Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–Appellee.**

Nos. 88–3710, 88–3756
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 5, 1989.

Gene and Debra Webb, pro se.

William F. Nelson, Chief Counsel, Internal Revenue Service, Washington, D.C., Gary R. Allen, Chief Appellate Sect., Tax Div., William S. Rose, Jr., Asst. Atty. Gen., Dept. of Justice, Richard Farber, David M. Moore, Washington, D.C., for respondent-appellee.

---

Before HILL, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

In this frivolous tax appeal case, we affirm the Tax Court and impose sanctions.

In 1982 and 1983, Gene and Debra Webb (the Webbs), residents of Longwood, Florida, reported adjusted gross income and claimed charitable contribution deductions on their federal income tax returns based on contributions to the Universal Life Church, Inc. (ULC).[1] The Tax Commissioner audited the Webbs, disallowed the charitable contribution deductions, and determined income tax deficiencies and additions. The Webbs petitioned the Tax Court to review the Commissioner's determinations.

The Tax Court sustained the deficiencies and additions determined by the Commissioner. The Tax Court found that the Webbs had failed to establish that they had made deductible charitable contributions to an organization qualified to receive such contributions under 26 U.S.C.A. § 170(c)(2)(B).[2] The Tax Court found the Webbs liable for $2,300 in damages under 26 U.S.C.A. § 6673.[3]

■ The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving

it is incorrect. *Taylor v. Commissioner of Internal Revenue,* 771 F.2d 478, 479 (11th Cir.1985). The Tax Court's findings must stand unless clearly erroneous. *Commissioner of Internal Revenue v. Duberstein,* 363 U.S. 278, 291, 80 S.Ct. 1190, 1199–1200, 4 L.Ed.2d 1218 (1960). The Tax Court found that the Webbs used the funds in the ULC chapter solely for their living expenses. The Webbs failed to demonstrate any charitable use of the money. Further, the Webbs made no contributions to ULC Modesto. The record supports the Tax Court's finding that the Webbs made no deductible charitable contributions to a qualified section 170(c)(2)(B) organization.

■ Review of the Tax Court's imposition of statutory damages against a taxpayer is for abuse of discretion. *Pollard v. Commissioner of Internal Revenue Service,* 816 F.2d 603, 604 (11th Cir.1987). The Tax Court assessed $2,300 against the Webbs for instituting and maintaining a frivolous and groundless proceeding primarily for delay. The Tax Court did not abuse its discretion by imposing damages against the Webbs.

■ The Commissioner requests that we impose sanctions, including attorney's fees, against the Webbs for bringing these frivolous appeals. Where an appeal is frivolous, we may assess damages against the

---

**1.** In 1982, Gene Webb became an ordained minister in the Universal Life Church (ULC) of Modesto, California by mail. The Webbs opened a ULC chapter bank account under the name Universal Life Church, Inc. Debra maintained sole signatory authority over the account, and withdrew funds from personal accounts to deposit money in the ULC chapter account, allegedly as charitable contributions to ULC. Using the chapter account as a financial alter ego to their personal checking account, Debra wrote checks for the Webbs on the chapter account to pay personal bills and for personal living expenses.

**2.** Title 26 U.S.C.A. § 170(c)(2)(B) provides:

(c) Charitable contribution defined.—For purposes of this section, the term 'charitable contribution' means a contribution or gift to or for the use of—

....

(2) A corporation, trust, or community chest, fund, or foundation—

....

(B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals[.]

**3.** Title 26 U.S.C.A. § 6673 provides:

Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages, in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

appellees, including reasonable attorney's fees and double costs. Fed.R.App.P. 38; 28 U.S.C.A. § 1912; *see Pollard v. CIR,* at 605. In *Pollard,* we imposed $1,500 in sanctions without remanding the case for a determination of costs. *Pollard v. CIR,* at 605. Similarly, we award sanctions against the Webbs in the amount of $1,500 and double costs shall be taxed by the clerk. The judgment of the Tax Court is affirmed.

AFFIRMED.