[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14207
Non-Argument Calendar

_____

Tax Court No. 8832-06

JUDY C. CARGILL,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(April 2, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Judy C. Cargill, pro se, appeals the U.S. Tax Court's order (1) dismissing Cargill's petition for redetermination of a deficiency, pursuant to Rule 149(b) of the Tax Court Rules of Practice and Procedure for failure to produce evidence, (2) determining the amount of deficiency and additional tax due, and (3) ordering that Cargill pay a $4,000 penalty as a sanction, pursuant to 26 U.S.C. § 6673(a)(1)(B). Cargill argues that the Tax Court abused its discretion by dismissing her petition because it failed to acknowledge her signed 1999 tax return, which, according to Cargill, shifted the burden to the Commissioner to show that the deficiency was correct. In addition, Cargill maintains her argument that she was exempt from filing a federal income tax return because the Internal Revenue Service ("IRS") 1040 Tax Form was not compliant with the 1995 Paperwork Reduction Act ("PRA"), 44 U.S.C. §§ 3501-3520, due to the absence of a valid Office of Management and Budget ("OMB") control number. Cargill also argues that the Tax Court abused its discretion by imposing a sanction against her for maintaining a frivolous position. Both parties filed motions for sanctions in this Court. For the reasons set forth more fully below, we affirm the decision of the Tax Court. In addition, we grant the Commissioner's motion for sanctions and deny Cargill's motion.

The Commissioner notified Cargill that she was deficient for the 1999 tax year because she failed to report $19,147 in income. In her pro se original and

2

amended petitions seeking a redetermination of the deficiency, Cargill claimed that she was not required to file a federal tax return because the 1999 1040 IRS Tax Form was not compliant with the PRA. Thus, Cargill argued that the burden shifted to the Commissioner, pursuant to 26 U.S.C. § 7491, to prove the amount of deficiency.

In its written order, the Tax Court stated that both the original and amended petitions contained "frivolous and groundless arguments that merit no extended discussion." The court stated, "[s]uffice it to say that the lack of an OMB number does not serve to invalidate an IRS notice nor does the lack of an OMB number violate the [PRA,] . . . [and Cargill's] argument regarding the exemption amount is equally frivolous." In a footnote, the court stated that Cargill had a previous tax case dismissed for failure to state a claim and a $1,000 penalty was imposed against her, pursuant to 26 U.S.C. 6673(a). The court ordered that Cargill file an amendment to the petition in order to identify specific exemptions, deductions, and credits.

In her "Amendment to Amended Petition," Cargill again asserted her PRA argument. Cargill attached a copy of an unsigned joint 1999 IRS 1040 return[1] and a corresponding IRS Schedule A that itemized various deductions and an IRS

---

[1] Cargill later provided a signed copy of the 1999 joint return. However, the Commissioner maintains that the joint return is not valid because both Cargill and her husband had already filed individual returns for the 1999 tax year.

Schedule C that itemized various business expenses.

In its written order of dismissal and decision, the Tax Court dismissed the petition, pursuant to Rule 149(b), because Cargill failed to produce evidence. The court noted that it based its decision on the Commissioner's stipulation of facts that were deemed established. The court specifically found that Cargill failed to substantiate her claimed deductions and business expenses set forth on her unsigned joint IRS 1040 Form. The court also determined that, for the 1999 tax year, there was (1) a deficiency in income tax due in the amount of $4,419, (2) an addition to tax due in the amount of $662.85, pursuant to I.R.C. § 6651(a)(1), and (3) a $4,000 penalty as a sanction, pursuant to I.R.C. § 6673. Cargill appeals the Tax Court's decision.

I.

We review a Tax Court's dismissal for failure to appear or adduce evidence, pursuant to Rule 149(b), for abuse of discretion. See Crandall v. C.I.R., 650 F.2d 659, 660 (5th Cir. Unit B July 13, 1981) (applying abuse of discretion standard to dismissal for failure to properly prosecute, pursuant to Rule 123(b)). "The Tax Court's findings must stand unless clearly erroneous." Webb v. C.I.R., 872 F.2d 380, 381 (11th Cir. 1989). A pro se appellate brief is entitled to liberal construction. See Finch v. City of Vernon, 877 F.2d 1497, 1504 (11th Cir. 1989).

The Tax Court has promulgated Rules of Practice and Procedure governing

4

the conduct of proceedings in that court.  See 26 U.S.C. § 7453.   Under Rule 149(b):

> Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal or for determination of the affected issue against that party. Facts may be established by stipulation in accordance with Rule 91, but the mere filing of such stipulation does not relieve the party, upon whom rests the burden of proof, of the necessity of properly producing evidence in support of facts not adequately established by such stipulation.

26 U.S.C. foll. § 7453, Tax Court Rule 149; see also Roat v. C.I.R., 847 F.2d 1379, 1383 (9th Cir. 1988) (determining that the Tax Court was within its discretion to grant the Commissioner's motions to dismiss because the taxpayer failed to argue the merits of the deficiencies).

> Under Rule 123(b) of the Tax Court Rules of Practice and Procedure:

> For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal.

26 U.S.C. foll. § 7453, Tax Court Rule 123(b).  Moreover, "a decision rendered . . . in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits."  Id., Tax Court Rule 123(d).

"The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it is incorrect."  Webb, 872 F.2d at 381.

5

Nonetheless, "[i]f, in any court proceeding, a taxpayer introduces <u>credible evidence</u> with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue."  26 U.S.C. § 7491(a)(1) (emphasis added).

The PRA of 1980, Pub. L. No. 96-511, 94 Stat. 2812 (1980), states, in part, that "no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved . . . does not display a <u>current</u> control number assigned by the [OMB] Director."  <u>Neff</u>, 954 F.2d at 699 (quoting 44 U.S.C. § 3512 (1980)) (emphasis added).  As a result of the 1995 Amendments, that provision now provides:

> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if--
>
>> (1) the collection of information does not display a <u>valid</u> control number assigned by the Director in accordance with this subchapter; or
>>
>> (2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.

44 U.S.C. § 3512(a) (1995) (emphasis added).  Tax forms are covered by the PRA. <u>See</u> <u>Dole v. United Steelworkers of Am.</u>, 494 U.S. 26, 32-33, 110 S.Ct. 929, 933,

108 L.Ed.2d 23 (1990).

In Neff, we rejected the argument that a tax return need not be filed because of the absence of an OMB control number on Treas.Reg. § 1.6091-2 (as amended in 1978), which states where income tax returns must be filed. Neff, 954 F.2d at 699-700. Specifically, we stated that "Congress created [the taxpayer's] duty to file the Returns in 26 U.S.C. § 6012(a), and . . . Congress did not enact the PRA's public protection provision to allow OMB to abrogate any duty imposed by Congress." Id.; see also 26 U.S.C. § 7203 (stating penalties for willful failure to file return, supply information, or pay tax); James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992) (noting that the lack of an OMB number on IRS notices and forms does not violate the PRA).

At least one circuit court has determined that the 1995 PRA Amendments do not alter the conclusion that the IRS 1040 Form is in compliance with the PRA. See United States v. Patridge, 507 F.3d 1092, 1094 (7th Cir. 2007), pet. for cert. filed, (U.S. Feb. 11, 2008) (No. 07-1045) (rejecting taxpayer's argument that the IRS 1040 Form lacked a valid OMB number and stating that "we have no doubt that the IRS has complied with the [PRA]," even though the OMB number displayed on the IRS 1040 Form has been constant since 1981).

Initially, Cargill's claim that she was not required to file a federal tax return because the IRS 1040 Form failed to comply with the 1995 PRA is without merit,

7

and the 1995 Amendments did not alter that result.

Despite Cargill's claim to the contrary, both the Commissioner and the Tax Court acknowledged the Schedule A itemized deductions and the Schedule C business expenses, even though the Commissioner maintained that the 1999 joint return was invalid. However, the stipulation of facts, which was deemed admitted, provided that Cargill had not filed a valid return for the 1999 tax year and had not provided any substantiation to support the claimed deductions and expenses on her unsigned joint return. Further, other than the addition of her signature, Cargill failed to provide any evidence that she was entitled to those deductions and expenses she claimed on the return, even though the Tax Court provided her with ample opportunity to do so. Thus, the Commissioner's deficiency determination was presumptively correct, and Cargill failed to meet her burden of introducing credible evidence with respect to the issue of whether she was entitled to the deductions and expenses she claimed. Accordingly, because Cargill failed to produce evidence on an issue of fact to which she had the burden of proof, the Tax Court did not abuse its discretion by dismissing Cargill's petition for redetermination of a deficiency.

II.

We review the Tax Court's imposition of sanctions for an abuse of discretion. Roberts v. C.I.R., 329 F.3d 1224, 1229 (11th Cir. 2003).

8

Section 6673 permits the Tax Court to impose sanctions in any amount up to $25,000, if the taxpayer "institutes or maintains proceedings primarily for delay or his position is frivolous or groundless." Id.; see also 26 U.S.C. § 6673(a)(1)(A)-(B). In Roberts, we affirmed sanctions where the law was settled prior to the proceedings, and the taxpayer was "on notice that his claims were frivolous." Roberts, 329 F.3d at 1229; see also Pollard v. Comm'r, 816 F.2d 603, 604-05 (11th Cir. 1987) (holding no abuse of discretion where (1) Tax Court specifically found frivolous taxpayer's argument that had been rejected by this Court on numerous occasions, and (2) taxpayer had previously brought other frivolous tax claims); Webb, 872 F.2d at 381 (holding that the Tax Court did not abuse its discretion by imposing a $2,300 sanction against the taxpayers because, even though the taxpayers claimed charitable contribution deductions on their federal income tax returns, the taxpayers failed to demonstrate any charitable contributions to a qualified organization).

Cargill's claim that she was not required to file a federal tax return has been rejected by this Court. Moreover, (1) Cargill was on notice that her claim was frivolous and that she would be sanctioned, (2) Cargill continued to maintain her position, and (3) Cargill previously had been sanctioned by the Tax Court. Accordingly, the Tax Court did not abuse its discretion in imposing $4,000 in sanctions against Cargill.

The Commissioner moves for sanctions to be imposed against Cargill for maintaining a frivolous appeal, pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912. The Commissioner reports that the average expense in attorney salaries and other costs incurred in the defense of frivolous taxpayer appeals in which sanctions were awarded during 2004 and 2005 is greater than $11,000 and asks that this Court impose a sanction against Cargill in the amount of $8,000.

Cargill also moves for sanctions against four attorneys with the Department of Justice, Tax Division, Appellate Section. According to Cargill, this Court should impose $8,000 in sanctions, pursuant to Rule 38 and Rule 11 of the Federal Rules of Civil Procedure, for maintaining a frivolous position and denying Cargill protection under the PRA.

Pursuant to Rule 38, "[i]f a court of appeals determines the appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed.R.App.P. 38; see also 26 U.S.C. § 7482(c)(4) ("The United States Court of Appeals and the Supreme Court shall have the power to require the taxpayer to pay to the United States a penalty in any case where the decision of the Tax Court is affirmed and it appears that the appeal was instituted or maintained

10

primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless"); 28 U.S.C. § 1912 ("Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs"). "The advisory committee notes to Fed.R.App.P. 38 clearly indicate that attorney's fees, as well as double costs, can be awarded to the appellee in the event that the appellant prosecutes a frivolous appeal." Biermann v. Comm'r, 769 F.2d 707, 708 n.1 (11th Cir. 1985).

In light of the settled case law rejecting the position advanced by Cargill, together with the explicit warnings offered by the Tax Court, Rule 38 sanctions against Cargill are appropriate.

Cargill's motion for sanctions against the Commissioner is without merit. Accordingly, Cargill's motion for sanctions is **DENIED**.

In light of the foregoing, the decision of the Tax Court is

**AFFIRMED**; the Commissioner's motion for sanctions in the lump-sum of $8,000 is **GRANTED.**