[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15165
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

Agency No. 17901-06L

KEVIN M. MOORE,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(October 17, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kevin M. Moore appeals a decision of the U.S. Tax Court finding that the Commissioner of Internal Revenue did not abuse his discretion in determining that the Internal Revenue Service (IRS) may proceed to collect Moore's unpaid tax liabilities by levy and imposing a $25,000 penalty for advancing frivolous positions and maintaining the proceedings primarily for delay. Finding no reversible error, we affirm.

## BACKGROUND

Moore did not file federal income tax returns for the years 1997, 1999, 2000, and 2001. He filed returns for the years 1998 and 2002, but he did not pay the taxes due for those years. He was audited by the IRS, which issued notices assessing deficiencies, penalties, and interest against him. He did not file petitions in the Tax Court for redetermination. He also failed to pay the assessments.

Moore later submitted tax returns for the years 1997, 1999, 2000, and 2001. Based on those returns, the IRS abated Moore's liability, but Moore still failed to pay. Accordingly, the IRS sent, pursuant to I.R.C. § 6331(d), a final notice of intent to levy and of Moore's right to a collection due process hearing.

Moore requested a hearing. He indicated on his hearing request form that he did not agree with the proposed levy because he "[did] not make sufficient money to . . . support [him]self." During his hearing, Moore reiterated his

2

financial hardship, which was the only non-frivolous issue that he raised. He did not otherwise challenge his underlying tax liabilities.

The IRS officer then discussed collection alternatives with Moore. The officer reviewed Moore's financial information, which indicated that Moore owned two houses, one of which he rented out; that he used an inaccurately small value for the houses; and that he overstated the amount of encumbrances on those houses. The officer suggested that Moore immediately sell the rental house and apply the net proceeds to the tax liabilities. Moore apparently refused to do so.

The IRS subsequently mailed Moore a "notice of determination concerning collection action(s) under section 6320 and/or 6330." The IRS attached to its notice a written statement by the officer. The officer indicated that he received more financial information from Moore's accountant. According to the accountant, Moore was receiving net business income, but was not making his estimated tax payments. Thus, the officer noted that Moore was not entitled to a collection alternative unless and until he became current with his estimated tax payments.

Moore timely filed a petition in the Tax Court for review of the notice. Before trial, Moore had refused to cooperate with the IRS' attempt to establish stipulated facts and exhibits pursuant to Tax Court Rule 91(a). At trial, Moore

attempted several times to ask whether the judge and opposing counsel were "required to take an oath to support and defend the Constitution of the United States" and whether the judge was "required to abide by [his] oath in performing [his] official duties."

After the court replied multiple times to Moore's questions by asking whether Moore had any evidence to present, Moore remarked, "I'd just like the citizen-witnesses to make note that the Judge has refused to answer the second question and also the court reporter, I wish I had a silver dollar or something to give you because this is good stuff." Moore introduced no evidence at trial.

The court found that the IRS could proceed with its collection of Moore's unpaid tax liabilities. The court further imposed a $25,000 penalty pursuant to § 6673(a) for displaying an "obvious pattern of delay and extensive waste of" governmental and judicial resources.

STANDARDS OF REVIEW

"The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it is incorrect. The Tax Court's findings must stand unless clearly erroneous." *Webb v. Comm'r of Internal Revenue*, 872 F.2d 380, 381 (11th Cir. 1989) (citations omitted). "[W]here the validity of the underlying tax liability is not properly at issue, the Court will

4

review the Commissioner's administrative determination for abuse of discretion."

*Sego v. Comm'r of Internal Revenue*, 114 T.C. 604, 610 (2000). "Review of the

Tax Court's imposition of statutory damages against a taxpayer is for abuse of

discretion." *Webb*, 872 F.2d at 381 (citation omitted).

DISCUSSION

The Tax Court properly found that the IRS Appeals Office did not abuse its

discretion in determining that the collection action could proceed. Tax Court Rule

91(a)(1) provides that "[t]he parties are required to stipulate, to the fullest extent to

which complete or qualified agreement can or fairly should be reached, all matters

not privileged which are relevant to the pending case, regardless of whether such

matters involve fact or opinion or the application of law to fact." If a party refuses

or fails to stipulate as to "any matter within the terms of [Rule 91], the party

proposing [stipulation] may . . . file a motion with the Court for an order directing

the delinquent party to show cause why the matters covered in the motion should

not be deemed admitted for the purposes of the case." TAX CT. R. 91(f)(1). "[I]f

the response is evasive or not fairly directed to the proposed stipulation or portion

thereof, that matter or portion thereof will be deemed stipulated for purposes of the

pending case, and an order will be issued accordingly." TAX CT. R. 91(f)(3).

5

Here, instead of providing "fairly direct[]" responses to the proposed stipulation, *see* TAX CT. R. 91(f)(3), Moore asserted that the income tax is unconstitutional; that the income tax applies only to public employees; that the IRS is not a federal agency; that the IRS has no power outside the District of Columbia or "federal enclaves"; and that the Paperwork Reduction Act relieves taxpayers from the statutory requirements of filing tax returns and paying taxes. Because Moore's response to the order to show cause is "not fairly directed to the proposed stipulation," the Tax Court properly deemed the proposed stipulation established. *See* TAX CT. R. 91(f)(3).

To the extent that Moore seeks in this appeal to challenge his underlying tax liability documented in the stipulation, he may not do so now. *Giamelli v. Comm'r of Internal Revenue*, 129 T.C. 107, 115 (2007) (holding "that [the Tax Court] do[es] not have authority to consider section 6630(c)(2) issues that were not raised before the Appeals Office"). The parties were limited to the administrative record before the IRS officer, and Moore has failed to show that the officer's determinations were unsupported by that record. Therefore, we must presume, as the Tax Court did, that the Commissioner's determinations as to Moore's tax liability are correct and that the collection action may proceed. *See Webb*, 872 F.2d at 381.

6

Furthermore, the Tax Court did not abuse its discretion in assessing a $25,000 penalty against Moore. Section 6673(a) authorizes the Tax Court to impose a penalty not exceeding $25,000 if the taxpayer "maintain[s] [a proceeding] . . . primarily for delay," § 6673(a)(1)(A), or "the taxpayer's position in such proceeding is frivolous." § 6673(a)(1)(B).

Moore has delayed the resolution of his tax liabilities by providing frivolous, evasive responses to the proposed stipulation. Although Moore was given multiple opportunities to present evidence during his trial, he failed to do so and acted disrespectfully. He

> belligerently shouted, yelled, and screamed irrelevant questions repeatedly at the Court. [He] repeatedly interrupted the Court and directed disrespectful statements to the Court. Additionally, rather than directing his attention to his case or the Court, [he] shouted and called out to approximately a dozen persons in the gallery disrespectful and irrelevant remarks impugning the integrity of the Court.

Moore characterizes his behavior as a jurisdictional defense, which can be raised at any time during the proceedings. His characterization is implausible. In reality, Moore created a courtroom spectacle by attacking the Tax Court's integrity, causing further delay. Thus, the Tax Court did not abuse its discretion by imposing on Moore the maximum penalty under § 6673(a). *Cf. Stearman v. Commissioner*, 436 F.3d 533, 538 (5th Cir. 2006) (finding no abuse of discretion

7

in the Tax Court's imposition of a $25,000 penalty pursuant to § 6673(a) on a taxpayer who maintained a frivolous proceeding primarily for delay).  For the foregoing reasons, we affirm.

**AFFIRMED.**