[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13329
Non-Argument Calendar

_____

Agency No. 21192-06

WALTER OLIVER MELVIN,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(December 17, 2008)**

Before DUBINA, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Walter Oliver Melvin, proceeding *pro se*, appeals the U.S. Tax

Court's final decision in favor of the Commissioner of the Internal Revenue Service ("Commissioner" or the "IRS") on his petition for redetermination of deficiency. On appeal, Melvin first argues that he was entitled to deduct $6,000 from his 2003 income tax returns because his 1985 divorce decree ordered that he pay alimony, through the seizure of property to be credited at the rate of $500 per month, to his ex-spouse. He asserts that, because he was required to pay all of the alimony in advance, he should thus be allowed to claim a deduction on his 2003 tax return. Second, Melvin argues that he was denied due process of law because his trial before the Tax Court was cut short before he was allowed to hear the position of, and cross-examine, the IRS.

## I. Tax Deficiency

We review a Tax Court's conclusions of law *de novo* and its factual findings for clear error. *Creel v. Comm'r*, 419 F.3d 1135, 1139 (11th Cir. 2005). "The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it is incorrect." *Webb v. Comm'r*, 872 F.2d 380, 381 (11th Cir. 1989).

Section 215 of the Internal Revenue Code ("I.R.C.") states, "[i]n the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year." I.R.C. § 215(a), 26 U.S.C. § 215(a). It further states that alimony means any

alimony payment as defined in I.R.C. § 71(b) "which is includible in the gross income of the recipient under section 71." I.R.C. § 215(b), 26 U.S.C. § 215(b).

Section 71(b) of the I.R.C. states:

(1) In general. -- The term "alimony or separate maintenance payment" means any payment in cash if --

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

I.R.C. § 71(b), 26 U.S.C. § 71(b).

"If [a] statute's meaning is plain and unambiguous, there is no need for further inquiry. The plain language is presumed to express congressional intent and will control a court's interpretation." *United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002).

3

Because in 2003 Melvin admittedly made no alimony payments, as defined in the I.R.C., we conclude that he was not allowed to claim an alimony deduction on his 2003 income tax returns. Melvin was thus unable to meet his burden to show that the Commissioner erred in Melvin's deficiency determination, and the Tax Court properly entered a decision in the Commissioner's favor.

## II. Due Process

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Rudimentary due process includes reasonable notice and an opportunity to rebut the charges and be heard. *American Druggists Ins. Co., Inc. v. Bogart*, 707 F.2d 1229, 1237 (11th Cir. 1983).

The IRS made its arguments known to Melvin in both its answer to his petition, and its pretrial memorandum. At Melvin's trial before the Tax Court, Melvin and the Commissioner had the opportunity to challenge each other's arguments. Furthermore, Melvin and the Commissioner prepared memoranda addressing their arguments raised during trial. We thus conclude from the record that Melvin was afforded the opportunity to be heard, both at his trial and in a memorandum of law. *See id.* Accordingly, his due process argument fails.

For the above-stated reasons, we affirm the Tax Court's judgment.

**AFFIRMED.**