[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13763
Non-Argument Calendar

_____

Agency No. 21701-06

JOHN B. RICE,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(January 27, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

John B. Rice, proceeding pro se, appeals from the Tax Court's decision finding an income tax deficiency for 2004, as well as penalties for failure to file, 26 U.S.C. § 6651(a)(1), failure to pay penalty, § 6651(a)(2), and failure to pay tax,

§ 6654. On appeal, Rice argues that the Tax Court: (1) erred in making its order to show cause absolute and accepting as established the Commissioner's proposed stipulations of fact, (2) improperly removed his assistant from the counsel table at trial, and (3) violated his due process rights by not filing his motions and discovery in the record. After careful review, we affirm.

Generally, we review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Thus, we review the Tax Court's legal conclusions de novo and factual findings for clear error. Bone v. Comm'r of Internal Revenue, 324 F.3d 1289, 1293 (11th Cir. 2003). "Ordinarily the trial judge has extremely broad discretion to control courtroom activity . . . ." United States v. Columbia Broadcasting Sys., Inc., 497 F.2d 102, 106 (5th Cir. 1974).[1] The Tax Court also has broad discretion in controlling the progress of a trial. Rubin v. Comm'r of Internal Revenue, 252 F.2d 243, 251 (5th Cir. 1958).

First, we reject Rice's argument that the Tax Court erred in making its order to show cause absolute and in finding that the Commissioner's determinations were correct. Tax Court Rule 91(a) provides that "[t]he parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or

_____

[1] We have adopted as binding precedent decisions of the former Fifth Circuit issued prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact." Tax Ct. R. 91(a)(1).

> The fact that any matter may have been obtained through discovery or requests for admission or through any other authorized procedure is not grounds for omitting such matter from the stipulation. Such other procedures should be regarded as aids to stipulation, and matter obtained through them which is within the scope of [required stipulations] must be set forth comprehensively in the stipulation, in logical order in the context of all other provisions of the stipulation.

Tax Ct. R. 91(a)(2). Under Rule 91(e), a stipulation is treated "as a conclusive admission by the parties." Tax Ct. R. 91(e). If, "after the date of issuance of trial notice," a party refuses or fails to stipulate as to "any matter within the terms of [Rule 91], the party proposing to stipulate may . . . file a motion with the Court for an order directing the delinquent party to show cause why the matters covered in the motion should not be deemed admitted for the purposes of the case." Tax Ct. R. 91(f)(1). The court then will issue an order to show cause, and the noncomplying party must respond within 20 days of service "showing why the matters set forth in the motion papers should not be deemed admitted." Tax Ct. R. 91(f)(2). "If no response is filed . . . with respect to any matter or portion thereof, or if the response is evasive or not fairly directed to the proposed stipulation . . . , that matter or portion thereof will be deemed stipulated for purposes of the pending case, and an order will be issued accordingly." Tax Ct. R. 91(f)(3). Notably,

3

"[t]he Tax Court, like all other decisionmaking tribunals, is obliged to follow its own Rules." Ballard v. Comm'r of Internal Revenue, 544 U.S. 40, 59 (2005).

The Fifth Amendment privilege against self-incrimination "protects against real dangers, not remote and speculative possibilities." Zicarelli v. N.J. State Comm'n of Investigation, 406 U.S. 472, 478 (1972). A taxpayer "cannot assert a Fifth Amendment privilege against compulsory self-incrimination to justify the failure to file any tax return at all." Stubbs v. Comm'r of Internal Revenue, 797 F.2d 936, 938 (11th Cir. 1986).

According to the record, after Rice failed to agree to the Commissioner's proposed facts, the Commissioner filed a motion to show cause accompanied by a proposed stipulation of the same facts requested to be admitted, and the bases for those facts, and the Tax Court properly issued an order to show cause pursuant to Rule 91(f). See Tax Ct. R. 91(f)(1) & (2). Rice says that he responded to both the Commissioner's motion and the Tax Court's order to show cause, but the record does not contain either alleged response, even though Rice's filing of the petition and other documents show that he knew how to file documents in the Tax Court.[2] Due to Rice's failure to respond, the Tax Court properly followed its own Rules and ordered that the facts set forth in the Commissioner's stipulation be deemed

_____

[2] Rice says he sent some documents to the Commissioner, but the Tax Court clerk did not file them. But, as discussed below, it is not the Commissioner's responsibility to file Rice's documents for him.

4

established for purposes of the case. See Tax Ct. R. 91(f)(3); see Ballard, 544 U.S. at 59.[3]

As for the substance of the Commissioner's facts, Rice does not specifically dispute them but continues to assert that he had a Fifth Amendment right to remain silent. But because Rice did not demonstrate below a "real danger" of prosecution, he could not rely on the Fifth Amendment to justify not filing a tax return. See Zicarelli, 406 U.S. at 478; Stubbs, 797 F.2d at 938. Further, Rice did not present any evidence, either during discovery or at trial, that the determinations were incorrect, and Rice thus did not meet his burden of proving that the Commissioner's determinations were incorrect. See Webb v. Comm'r of Internal Revenue, 872 F.2d 380, 381 (11th Cir. 1989) ("The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it is incorrect."). Accordingly, the Tax Court did not err in finding that the Commissioner's proposed facts were deemed stipulated nor clearly err in finding the amount of the deficiency and penalties. Id.

---

[3] Rice further argues that the stipulations were improper because they were the same as the requests for admission and the motion to show cause was filed before he responded to the stipulations, but under Rule 91(a)(2), stipulations must include matters covered by requests for admission. Tax Ct. R. 91(a)(2). In addition, that Rice refused to admit the facts asserted in the request for admission shows that he would not have agreed to those same facts under a stipulation. Thus, the Commissioner followed proper procedure in proposing stipulations, and also filed the motion to show cause at the proper time in the proceedings.

Next, we find no merit in Rice's claim that the Tax Court abused its discretion by removing his assistant from the counsel table at trial. Internal Revenue Code Section 7452 provides that "[n]o qualified person shall be denied admission to practice before the Tax Court because of his failure to be a member of any profession or calling." 26 U.S.C. § 7452. Tax Court Rule 200 provides that a pro se taxpayer may be assisted in the Tax Court by a nonlawyer who has filed an application, passed a written exam, and been sponsored by at least two tax-court practitioners. See Tax Ct. R. 200.

Rice asserts that he is "mentally and physically challenged," but he does not explain on appeal, and did not explain at trial, how he is challenged or what help he needed. Moreover, his petition, response to the request for admissions, and proposed stipulation of facts indicated that he understood the concepts of income, deductions, and credits as they related to a determination of his income tax liability. On this record, and given that there is no evidence that the assistant was admitted before the Tax Court, we conclude that the Tax Court did not abuse its discretion in not allowing Rice's assistant to sit at the counsel table with Rice. See Rubin, 252 F.2d at 251. Furthermore, because Rice was not entitled to have his assistant with him during trial and the Tax Court's judgment of tax deficiency was proper, the trial court properly denied Rice's motion to vacate.

6

Finally, we are unpersuaded that the Tax Court violated Rice's due process rights by not filing his motions and discovery in the record. "Rudimentary due process" includes reasonable notice and an opportunity to be heard. Am. Druggists Ins. Co. v. Bogart, 707 F.2d 1229, 1237 (11th Cir. 1983). An appellant must show prejudice to establish a due process violation. See Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (holding, on appeal from a determination by the Social Security Agency, that a claimant must show prejudice to establish a due process violation).

As discussed above, Rice has provided no evidence that he mailed a response to the motion to show cause, nor that he mailed any other documents to the Tax Court that were not filed. And although Rice asserts that he sent some documents to the Commissioner, Rice was required to follow the Tax Court's rules and file his own documents. See Tax Ct. R. 22 (providing procedures for filing papers with the Tax Court clerk). Furthermore, because the Tax Court afforded Rice ample opportunity to be heard, properly determined the deficiency and properly entered judgment in the Commissioner's favor, any error in this case was harmless. See Am. Druggists, 707 F.2d at 1237; see also Brown, 44 F.3d at 935.

Accordingly, we affirm the decision of the Tax Court.

**AFFIRMED.**

7