T.C. Memo. 2010-221

UNITED STATES TAX COURT

WALTER OLIVER MELVIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5273-08, 609-09.        Filed October 12, 2010.

Walter Oliver Melvin, pro se.

<u>Michael J. Gabor</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  In these consolidated cases, respondent determined deficiencies in income tax and penalties for 2005 and 2006 as follows:

| Year | Deficiency | Accuracy-Related Penalties Sec. 6662(a) and (b)(1) |
|------|------------|-----------------------------------------------------|
| 2005 | $4,475 | $895 |
| 2006 | $1,500 | $300 |

After a concession by petitioner, the issues for decision are: (1) Whether petitioner is estopped under the doctrine of collateral estoppel from litigating the validity of the alimony deductions he claimed for the years in issue; and (2) whether he is liable for the penalties under section 6662. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in Florida at the time he filed his petition.

Petitioner was married to Barbara A. Melvin until they divorced in 1985. During the marriage, petitioner was a practicing attorney. On May 8, 1985, the General Court of Justice, Cumberland County, North Carolina, issued a judgment of divorce which ordered petitioner, among other things, to pay his former wife $500 a month, or $6,000 a year in "permanent alimony." Consequently, the court required petitioner to transfer significant property and funds to meet his obligation under the order. He did not, however, transfer any money or property to his former wife in 2005 or 2006.

On each of his 2005 and 2006 Federal income tax returns, petitioner claimed a $6,000 deduction under section 215 for

alimony.  The Internal Revenue Service (IRS) sent petitioner a notice of deficiency for 2005 on January 18, 2008, and for 2006 on October 14, 2008.  The notices:  (1) Determined a deficiency for each of the years in issue because of improper alimony deductions; and (2) imposed accuracy-related penalties under section 6662(a).  The statutory notice for 2005 also determined a deficiency for home mortgage interest deductions petitioner claimed which he has since conceded were improper.

Petitioner previously brought a case in this Court disputing the IRS' determination that the alimony deduction he claimed on his 2003 Federal income tax return was erroneous.  Melvin v. Commissioner, T.C. Memo. 2008-115 (Melvin I), affd. 303 Fed. Appx. 791 (11th Cir. 2008).  In that case, this Court ruled in favor of the IRS because the plain language of section 215 limits alimony deductions to payments made during the taxable year.  Id. The Court of Appeals for the Eleventh Circuit affirmed our decision.

Discussion

Petitioner contests respondent's determination that he is not permitted a deduction for alimony in 2005 or 2006.  The transfers made by way of the State court judgment in prior years are the only bases petitioner has offered for those deductions. Respondent contends, among other things, that petitioner's argument is precluded by collateral estoppel.

Collateral Estoppel

Once an issue has been litigated, collateral estoppel may apply. In Monahan v. Commissioner, 109 T.C. 235, 240 (1997), we stated:

> The doctrine of issue preclusion, or collateral estoppel, provides that, once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)). * * *

Under the doctrine of collateral estoppel, (1) the issue to be decided in the second case must be identical in all respects to the issue decided in the first case, (2) a court of competent jurisdiction must have rendered a final judgment in the first case, (3) a party may invoke the doctrine only against parties to the first case or those in privity with them, (4) the parties must have actually litigated the issue and the resolution of the issue must have been essential to the prior decision, and (5) the controlling facts and legal principles must remain unchanged. See Hi-Q Pers., Inc. v. Commissioner, 132 T.C. 279, 289 (2009); Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990).

Respondent argues that petitioner should be estopped under the doctrine of collateral estoppel from asserting that the alimony deductions he claimed in 2005 and 2006 were proper

because this Court already adjudicated the issue for petitioner's 2003 tax year. Although each tax year is a separate cause of action, collateral estoppel may still apply to preclude a taxpayer from relitigating identical issues for multiple years. See Peck v. Commissioner, supra at 165-166; Berry v. Commissioner, T.C. Memo. 1990-646.

Petitioner contends that he is not attempting to relitigate the same issue from Melvin I but offers no coherent argument to support this assertion. He does not dispute that he fully litigated the validity of the alimony deduction he claimed in 2003 under identical circumstances and admits that there has been no change in law or facts to justify a different outcome. He remains a resident of Florida, so appellate venue is unchanged. Petitioner merely continues to assert the correctness of his interpretation of the law, relying exclusively on Hawkins v. Commissioner, 86 F.3d 982 (10th Cir. 1996) (involving the question of whether a marital settlement agreement incorporated into a divorce decree constituted a qualified domestic order), revg. 102 T.C. 61 (1994). In Melvin I, this Court already held that case to be inapplicable to these facts. A party's disagreement with a court's reasoning does not bar the application of collateral estoppel. Sydnes v. Commissioner, 74 T.C. 864, 869 (1980), affd. 647 F.2d 813 (8th Cir. 1981).

Collateral estoppel bars petitioner from relitigating the deductibility of alimony paid in years other than those before the Court.  Although we need not consider the merits of his arguments, he is not entitled to an alimony deduction in 2005 or 2006 for the reasons stated in Melvin I.

Section 6662 Accuracy-Related Penalties

Petitioner contests the imposition of accuracy-related penalties for the tax years in issue.  Section 6662(a) and (b)(1) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations.  Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and defines disregard as any careless, reckless, or intentional disregard.  Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a tax return position that is contrary to the rule or regulation.  Sec. 1.6662-3(b)(2), Income Tax Regs.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the

burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, supra at 446-447.

Respondent has met the burden of production. The plain language of section 215 expressly limits alimony deductions to payments made during the taxable year. See, e.g., Melvin v. Commissioner, 303 Fed. Appx. 791 (11th Cir. 2008). Respondent has shown that petitioner improperly claimed alimony deductions based exclusively on transfers he made in prior years, contrary to any reasonable interpretation of the statute.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, supra at 448. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Petitioner does not separately address the penalty issue. He simply pursues the same arguments previously rejected. The

authorities petitioner relies on are entirely irrelevant and could not reasonably be considered to support his argument. Educated as an attorney, petitioner should have recognized that his claimed deductions were contrary to the express terms of section 215.  Petitioner has not met his burden of demonstrating reasonable cause or good faith for the underpayment, and we sustain respondent's determination on this issue.

We have considered the other arguments of the parties, and they either are without merit or need not be addressed in view of our resolution of the issues.  For the reasons explained above,

<u>Decisions will be entered for respondent</u>.