**Charles H. STUBBS,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE SERVICE,**
**Respondent-Appellee.**

**No. 85–8447**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 25, 1986.

Glenn L. Archer, Jr., U.S. Dept. of Justice, Tax Div., Michael L. Paup, Robert S. Pomerance, Douglas G. Coulter, Washington, D.C., for respondent-appellee.

Before GODBOLD, Chief Judge, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Stubbs appeals the tax court's grant of summary judgment in favor of the Commissioner of Internal Revenue Service ("Commissioner") on Stubbs' liability for tax deficiencies and penalties for the years 1976 through 1980. The tax court may grant summary judgment if "there is no genuine issue as to any material fact and ... a decision may be rendered as a matter of law." Tax Court Rule 121(b). Summary judgment may be based on "the pleadings, ... admissions, and any other acceptable materials, together with the affidavits." *Id.*

The tax court's grant of summary judgment in this case was based upon certain facts deemed admitted because of Stubbs' failure to respond in any manner to the Commissioner's requests for admis-

sions.[1] Among the facts deemed admitted were that Stubbs had received taxable income for 1976 through 1980 in the amounts stated in the notice of deficiency and that his failure to file proper returns and pay his tax was due to intentional disregard of the revenue laws. Stubbs did not come forward with any evidence that any part of the Commissioner's determination was erroneous. Rather, his sole response to the Commissioner's motion was his own motion for summary judgment alleging that wages are not taxable income and that Stubbs was not a person required to file a tax return. Such arguments have been rejected by courts at all levels of the judiciary and are patently frivolous. *Biermann. v. Commissioner*, 769 F.2d 707, 708 (11th Cir. 1985).

▮▮▮ The facts deemed admitted by Stubbs established his liability for the deficiencies and penalties assessed as a matter of law. Therefore, we affirm the tax court's grant of summary judgment in favor of the Commissioner. We also hold that the tax court did not abuse its discretion in assessing a $5,000.00 penalty against Stubbs for bringing a frivolous suit, given the patently frivolous position taken by Stubbs before the tax court.

▮▮▮ Before this Court Stubbs also asserts that he has no tax liability because the Sixteenth Amendment was not ratified properly and 26 U.S.C.A. § 6012, setting forth those persons who must file tax returns, must be read as providing for voluntary filing in order to avoid conflict with the Fifth Amendment. The record reveals that the Sixteenth Amendment issue was not raised before the tax court, and, therefore, although briefed by the parties, is not properly before this court. *Brookhaven Landscape v. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir.1982). Even if the issue were appropriately raised, we find Stubbs' argument without merit. Notification by a state that it has ratified an amendment is binding upon the Secretary of State, and his official certification of ratification is conclusive upon the courts. *Leser v. Garnett*, 258 U.S. 130, 137, 42 S.Ct. 217, 218, 66 L.Ed. 505 (1922). Stubbs' assertion of fraudulent behavior on the part of the Secretary of State in certifying ratification does not remove the Secretary's determination from this conclusive effect as we could not undertake independent resolution of this issue "without expressing lack of the respect due coordinate branches of government." *See Baker v. Carr*, 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962). *Accord, United States v. Stahl*, 792 F.2d 1438 (9th Cir.1986). It appears that Stubbs' Fifth Amendment argument also was not raised below.[2] Further, it also is totally without merit. Stubbs cannot assert a Fifth Amendment privilege against compulsory self-incrimination to justify the failure to file any tax return at all. *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 607–08, 71 L.Ed. 1037 (1927); *United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982).

▮▮▮ The Commissioner urges that we impose sanctions against Stubbs for bring-

---

1. Tax Court Rule 90(c) authorizes the tax court to treat the matters in a request for admissions as "admitted" unless a response is made within 30 days after the service date of the request. Stubbs' failure to respond to the Commissioner's requests for admissions was not his only discovery violation. Stubbs also did not respond to the Commissioner's requests for production of documents and did not obey an order of the tax court compelling production. The tax court warned Stubbs in that order that failure to comply could lead to dismissal of his case.

2. The record shows that the only Fifth Amendment argument made by Stubbs below was his assertion that he should not be compelled to produce documents because of his Fifth Amendment privilege. Stubbs asserts that his claim of privilege in this connection was proper because the documents requested were private papers. The Fifth Amendment protects against "real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972). Stubbs failed to demonstrate a real danger that production of the documents requested would subject him to prosecution. Therefore, the tax court did not abuse its discretion in rejecting his blanket assertion of privilege.

ing a frivolous appeal. *See* Fed.R.App.P. 38. We find that sanctions are appropriate here. The consistent rejection by courts at all levels of the arguments presented by Stubbs below and the sanctions imposed upon him by the tax court indicate that Stubbs was duly warned that his position was frivolous. The Commissioner has represented to the Court that the average award ordered by courts in cases such as this during the relevant time period was $1,185.00. Although we would have preferred that the Internal Revenue Service establish its costs and attorney's fees by affidavit, because Stubbs has not disputed this representation, and in the interests of judicial economy, we accept same and impose a sanction in the amount of $1,185.00 for this frivolous appeal. As this Court has noted previously, this procedure is in the appellant's interest as he would be liable for the additional costs and attorney's fees incurred during any proceedings on remand to the tax court. *King v. United States*, 789 F.2d 883, 884–85 (11th Cir. 1986).

AFFIRMED and SANCTIONS IMPOSED.