Eric A. POLLARD,
Petitioner-Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Respondent-Appellee.

No. 86–8567
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 7, 1987.

Roger Olsen, U.S. Dept. of Justice, Tax Div., Michael L. Paup, William S. Estabrook, B. Paul Klein, Washington, D.C., for respondent-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

The appellant, Eric A. Pollard, filed a petition with the United States Tax Court, seeking a redetermination of deficiencies that had been asserted by the Commissioner for the years 1982 and 1983. In his petition, Pollard alleged that the Commissioner lacked personal and subject matter jurisdiction and that the Sixteenth Amendment to the Constitution of the United States was fraudulently adopted. Pollard further sought an injunction against the Commissioner, ordering him to cease and desist from further action against him. The Commissioner filed motions to dismiss Pollard's complaint for failure to state a claim upon which relief could be granted and for imposition of damages upon Pollard pursuant to 26 U.S.C.A. § 6673. Pollard's response to this motion was a reallegation that the Sixteenth Amendment was invalid because it was not properly ratified. The Tax Court granted the Commissioner's motion to dismiss finding that Pollard's claims were frivolous. The Tax Court found that Pollard had previously filed frivolous claims and that he was maintaining these proceedings primarily for delay. The Tax Court awarded the government $5,000 in damages pursuant to Section 6673. Pollard moved the Tax Court to vacate its decision. This motion was denied and Pollard filed this appeal.

On this appeal Pollard argues that the Sixteenth Amendment was never ratified by the required number of states because of errors in the ratification process and that the Secretary of State committed fraud by certifying adoption of the Amendment. We review the Tax Court's dismissal de novo and the Tax Court's imposition of damages against taxpayer under Section 6673 for abuse of discretion. *Stubbs v. Commissioner*, 797 F.2d 936, 938 (11th Cir. 1986). On this review, we find Pollard's arguments to be frivolous. In *Stubbs, supra*, this court rejected claims identical to those now made by Pollard regarding ratification of the Sixteenth Amendment. We noted that the Secretary of State is bound by a state's notification of ratification, and held that respect for coordinate branches of the government prevented judicial review of the Secretary of State's official certification of ratification. Pollard's argument that *Stubbs* is distinguishable is without merit. Therefore, since Pollard has failed to meet his burden of proving the Commissioner's determination of a deficiency erroneous, the Tax Court's dismissal of the petition was correct. *Taylor v. Commissioner*, 771 F.2d 478 (11th Cir.1985).

Under Section 6673, the United States may be awarded damages up to $5,000 "whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless...." In this case the Tax Court specifically found that Pollard's Sixteenth Amendment claim was frivolous. Further, Pollard also argued before the Tax Court that the Commissioner had neither personal nor subject matter jurisdiction and that he is not a person subject to tax. Arguments such as these are patently frivolous and similar arguments have been rejected by this Court on numerous occasions. *McNair v. Eggers*, 788 F.2d 1509 (11th Cir. 1986); *Biermann v. Commissioner*, 769 F.2d 707 (11th Cir.1985), *cert. denied*, —

U.S. ——, 107 S.Ct. 887, 93 L.Ed.2d 840 (1987). The record in this case also reflects that Pollard has previously brought frivolous tax claims. *Pollard v. Commissioner*, 786 F.2d 1063 (11th Cir.1986). Therefore, it is clear that the Tax Court did not abuse its discretion in assessing the $5,000 penalty against Pollard.

■ The Commissioner in this case requests that this Court assess double costs and damages against Pollard under 28 U.S.C.A. § 1912 and Fed.R.App.P. 38 for filing a frivolous appeal. The Commissioner suggests an award of $1,500 based on average awards for the past year. Pollard has not responded to this request for sanctions. In *McNair*, 788 F.2d at 1510, we held that "Where an appellant's contentions are stale and have long been settled, sanctions may be imposed, including double costs and attorney's fees." Here we find that Pollard's arguments now made were raised and rejected as frivolous in *Stubbs*. Furthermore, the sanctions imposed upon him in the Tax Court warned him that his position was frivolous.

Accordingly, this Court awards sanctions against Pollard in the amount of $1,500. The judgment of the Tax Court is AFFIRMED.