JAMES O. JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 9024-89
United States Tax Court
T.C. Memo 1992-550; 1992 Tax Ct. Memo LEXIS 569; 64 T.C.M. (CCH) 768; September 16, 1992, Filed *569 For James O. Jackson, pro se. For Respondent: Craig Young. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before us on respondent's motion for judgment on the pleadings pursuant to Rule 120. [1]
Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
1980
$ 18,264
$ 9,132
$   --
--
1981
22,476
11,238
--
--
1982
3,061
--
1,531
*
Petitioner resided in Montgomery, Alabama, when he filed his petition. In her answer, respondent denied all substantive allegations of fact and error made by petitioner, and respondent made affirmative allegations of fraud for each *570 year in issue, summarized as follows: (1) In 1986, petitioner was convicted of Federal income tax evasion for willfully filing a false and fraudulent 1981 Federal income tax return; (2) Petitioner fraudulently underreported taxable income of $ 49,501, $ 58,242, and $ 14,742, for 1980, 1981, and 1982, respectively; (3) Petitioner understated his Federal income tax liabilities for 1980, 1981, and 1982, by $ 18,264, $ 22,476, and $ 3,061, respectively; (4) Petitioner's unreported income for 1980, 1981, and 1982 constituted illegal income received by petitioner under the Child Nutrition and School Lunch Act Amendments of 1975, Pub. L. 94-105, sec. 16, 89 Stat. 511, 522 (1975), 42 U.S.C. sec. 1766 (Supp. II 1978); (5) Petitioner made false and misleading statements to respondent's agents and willfully failed to provide complete and accurate records to respondent in connection with the examination of petitioner's Federal income tax returns for 1980, 1981, and 1982. Petitioner failed to reply to respondent's answer. Respondent then filed, pursuant to Rule 37(c), a motion for the entry of an order that the undenied allegations in the answer be deemed admitted. *571 The Court gave petitioner notice of respondent's motion and instructed petitioner that -- If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before December 13, 1990, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. Petitioner obtained several extensions of time in which to file a reply as required by the Court's order; the final extension expired on April 19, 1991. Petitioner, however, never filed a reply to respondent's motion. On July 25, 1991, the Court granted respondent's Rule 37(c) motion and deemed admitted the undenied affirmative allegations of fact set forth in respondent's answer as incorporated into respondent's motion. Pursuant to notice to the parties, the instant case was set for trial during the Court's May 4, 1992, trial session in Mobile, Alabama. When the case was called for trial on May 4, 1992, petitioner failed to appear. Respondent then filed the instant motion for judgment on the pleadings. Judgment on the pleadings is appropriate where taxpayers *572 in their pleadings do not raise genuine issues of material fact with respect to respondent's determinations. Stubbs v. Commissioner, 797 F.2d 936, 937 (11th Cir. 1986), affg. an unpublished order of this Court. Abrams v. Commissioner, 82 T.C. 403, 408 (1984). With regard to additions to tax for fraud under 6653(b), respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Respondent must show that the taxpayers intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes, that there are underpayments of tax, and that some portion of the underpayments for each year was due to taxpayers' fraudulent intent. Stoltzfus v. United States, 398 F.2d 1002, 1005 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *573 Because direct proof of the taxpayer's intent is rarely available, fraud may be proved by circumstantial evidence and reasonable inferences drawn from the facts. Spies v. United States, 317 U.S. 492 (1943); Rowlee v. Commissioner, supra.The intent to conceal or mislead may be inferred from a pattern of conduct. See Spies v. United States, supra at 499; see also Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). Petitioner has been unresponsive to the Court orders to reply to respondent's allegations. Petitioner's failure to appear at trial is evidence of his effort to conceal the facts concerning his tax liability. Smith v. Commissioner, 91 T.C. 1049, 1059-1060 (1988) (Court reviewed), affd. 926 F.2d 1470 (6th Cir. 1991). In 1986 petitioner was convicted of tax evasion under section 7201 for willfully filing a false and misleading Federal income tax return for 1981. Petitioner, therefore, is estopped collaterally from denying that he filed a 1981 Federal income tax return with intent *574 to evade or defeat income tax. See Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985). As to 1980 and 1982, we find that the facts alleged in respondent's answer and deemed admitted by petitioner clearly and convincingly establish fraud. Gilday v. Commissioner, 62 T.C. 260, 262 (1974). Petitioner has understated taxable income, kept inadequate records, failed to cooperate with authorities, engaged in illegal activity, and has attempted to conceal his illegal activities, all of which constitutes circumstantial evidence that give rise, in this case, to a finding of fraudulent intent. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; see also Miller v. Commissioner, 94 T.C. 316, 334 (1990). Based upon the record as a whole, there is clear and convincing evidence that underpayments of Federal income tax exist for each of the years 1980, 1981, and 1982, as determined by respondent, and that such underpayments are attributable to fraud. We further note that for purposes of section 6653(b)(2), *575 the entire deficiency in petitioner's 1982 Federal income tax liability is due to fraud. We sustain respondent's determinations of petitioner's Federal income tax liability and find that petitioner is liable for the additions to tax for fraud for years 1980, 1981, and 1982. Respondent's motion for judgment on the pleadings will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code for the years in issue.↩
*. 50 percent of the interest due on that portion of the deficiency attributable to fraud.↩