999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce BUCHBINDER; Elaine Buchbinder, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70114.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided July 23, 1993.
 
 Before FAIRCHILD,** BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 The tax court granted a motion for partial summary judgment and a motion for entry of decision against the Buchbinders, disallowing two loss deductions claimed by the Buchbinders in their 1981 tax year. The taxpayers appeal. The tax court had jurisdiction pursuant to 26 U.S.C. §§ 6213(a), 6214(a), and 7442. We have jurisdiction pursuant to 26 U.S.C. § 7482. We affirm.
 
 STANDARD OF REVIEW
 
 3
 We review the tax court's grant of summary judgment de novo, see Estate of Schnack v. Commissioner, 848 F.2d 933, 935 (9th Cir.1988), and the imposition of sanctions under Tax Court Rule 104(c) for an abuse of discretion. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985); see also Aruba Bonaire Curacao Trust Co. v. Commissioner, 777 F.2d 38, 43-44 (D.C.Cir.1985), cert. denied, 475 U.S. 1086 (1986).
 
 DISCUSSION
 
 4
 The Buchbinders raise a single argument for reversing the tax court's grant of summary judgment and entry of decision in favor of the IRS. They argue that wages are not taxable income. We summarily reject this argument. Clearly, the law holds that wages are taxable income. See Maisano v. United States, 908 F.2d 408, 409 (9th Cir.1990); Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988); Stubbs v. Commissioner, 797 F.2d 936, 938 (11th Cir.1986) (argument alleging that wages are not taxable income has "been rejected by courts at all levels of the judiciary and [is] patently frivolous."); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir.1985) ("This court has repeatedly rejected the argument that wages are not income as frivolous....").
 
 
 5
 Next, we consider the IRS's request for sanctions against the Buchbinders for bringing a frivolous appeal. Section 6673 permits this court to impose a penalty on a taxpayer when the decision of the tax court is affirmed on appeal and it appears that the taxpayer's position is frivolous or groundless. 26 U.S.C. § 6673 (1988). On appeal, the Buchbinders argue only that wages are not taxable income. Case law clearly establishes that this argument is frivolous. Maisano, 908 F.2d at 411; Wilcox, 848 F.2d at 1009; Stubbs, 797 F.2d at 938; Olson, 760 F.2d at 1005. Thus, we sanction the Buchbinders $2,500 for pursuing a frivolous appeal.
 
 
 6
 The IRS has brought to our attention that the tax court ordered the Buchbinders to pay a penalty under 26 U.S.C. § 6653(b)(2) in addition to the taxes owed for the year 1981. While the Buchbinders fail even to mention the penalty in their appeal, the IRS correctly indicates that § 6653(b)(2) applies only to taxes due after September 3, 1982, and therefore cannot be imposed here. Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97-248, § 325(b), 96 Stat. 324, 617.
 
 
 7
 Accordingly, we order the Buchbinders to pay the United States $2,500 as a sanction for pursuing this appeal. We vacate the penalty imposed by the tax court under § 6653(b)(2) and affirm the remainder of its judgment.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the 7th Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3