[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-14119
Non-Argument Calendar

————————————————

Agency No. 25048-11

ROBERT W. HERRIMAN,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

————————————————

Petition for Review of a Decision of the
U.S.Tax Court

————————————————

(June 11, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Herriman, proceeding *pro se*, appeals the tax court's dismissal of his petition for redetermination of his tax deficiency. On appeal, he argues that his income was not subject to federal taxation. The Commissioner has also moved for sanctions, pursuant to Federal Rule of Appellate Procedure Rule 38, in the amount of $8,000.

## I.

We review the tax court's grant of a motion to dismiss *de novo*. *Pollard v. Comm'r*, 816 F.2d 603, 604 (11th Cir. 1987). The taxpayer bears the burden of showing that the Commissioner's determination of a deficiency is erroneous. *Id.* A taxpayer's frivolous argument does not establish that the determination of deficiency is erroneous and thus warrants a dismissal of the petition by the tax court. *Id.*

We have found "utterly without merit" the argument that the Internal Revenue Code limits the meaning of "state" and "United States" to the District of Columbia and the United States territories. *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987). Additionally, the Sixteenth Amendment provides that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States." U.S. Const. amend. XVI. We have rejected as frivolous the argument "that withholding of tax from wages is a direct tax on the source of income without apportionment in

2

violation of the Sixteenth Amendment." *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986).

The tax court did not err in dismissing Herriman's petition. We have previously rejected as frivolous and without merit his arguments that the Internal Revenue Code applies only to the District of Columbia and the United States territories and that the withholding of taxes from wages is an unconstitutional direct income tax without apportionment. *See Ward*, 833 F.2d at 1539; *Motes*, 785 F.2d at 928. Because Herriman's arguments are frivolous, he did not establish that the determination of his tax deficiency was erroneous, and the tax court correctly dismissed his petition. *See Pollard*, 816 F.2d at 604. Accordingly, we affirm.

## II

The Commissioner moves for sanctions to be imposed against Herriman for maintaining a frivolous appeal, pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912. The Commissioner reports that the average expense in attorney salaries and other costs incurred in the defense of frivolous taxpayer appeals in which sanctions were awarded during 2009 and 2011 is greater than $12,500 and asks that this Court impose a sanction against Herriman in the amount of $8,000.

Pursuant to Rule 38, "[i]f a court of appeals determines the appeal is frivolous, it may, after a separately filed motion or notice from the court and

3

reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38; *see also* 26 U.S.C. § 7482(c)(4) ("The United States Court of Appeals and the Supreme Court shall have the power to require the taxpayer to pay to the United States a penalty in any case where the decision of the Tax Court is affirmed and it appears that the appeal was instituted or maintained primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless."); 28 U.S.C. § 1912 ("Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."). In *Pollard*, for example, we imposed a lump-sum sanction against the appellant because his arguments had previously been rejected as frivolous by us and because he was warned that his arguments were frivolous when he was sanctioned by the tax court. 816 F.2d at 605.

Because we have previously rejected Herriman's arguments as frivolous and because Herriman was warned that his arguments were frivolous when he was sanctioned by the tax court, Rule 38 sanctions against Herriman are appropriate. We grant the Commissioner's motion for a lump-sum sanction in the amount of $8,000. *See Ward*, 833 F.2d at 1539; *Pollard*, 816 F.2d at 605; *Motes*, 785 F.2d at 928.

### III.

4

For the foregoing reasons, we affirm the dismissal of Herriman's petition and grant the Commissioner's motion for sanctions.

**AFFIRMED;** the Commissioner's motion for sanctions in the lump-sum of $8,000 is **GRANTED.**