[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10060
Non-Argument Calendar
_____

Agency No. 4697-11 L

JAMES STEPHEN FENNEL,

Petitioner,

versus

COMMISSIONER OF IRS,

Respondent.

_____

Petition for Review of a Decision of the
U.S.Tax Court

_____

(September 2, 2014)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

James Fennel appeals the U.S. Tax Court's denial of his pro se petition for

review of a lien or levy action imposing penalties under 26 U.S.C. § 6702(a) for

filing frivolous tax returns. The Internal Revenue Service ("IRS") imposed seven penalties for filing frivolous tax returns based on returns Fennel filed for tax years 1999 and 2001 through 2006 that claimed zero income and zero tax liability and also claimed a refund for the full amount of money withheld from his pay. At trial, Fennel acknowledged that he worked and received pay during tax years 1999 and 2001 through 2006. On appeal, he argues that: (1) the IRS presented insufficient evidence to impose penalties under § 6702(a); (2) he is not a "person" for purposes of § 6702; and (3) the IRS failed to prove that the penalty assessments against him received written supervisory approval. After thorough review, we affirm.

We review the Tax Court's conclusions of law de novo and findings of fact for clear error. Creel v. Comm'r of Internal Revenue, 419 F.3d 1135, 1139 (11th Cir. 2005). The IRS has the burden of proving the applicability of penalties for frivolous returns. 26 U.S.C. § 6703(a).

The Internal Revenue Code imposes a $5,000 penalty on a taxpayer who files a tax return that meets two criteria. 26 U.S.C. § 6702(a). The first criterion is satisfied if the return "(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect." Id. § 6702(a)(1). The second criterion is satisfied if the filing of the return either "(A) is based on a position which the Secretary has identified as frivolous under

2

subsection (c), or (B) reflects a desire to delay or impede the administration of Federal tax laws." Id. § 6702(a)(2). Subsection (c) provides that the Secretary shall prescribe, and periodically revise, a list of positions that have been identified as frivolous for purposes of this subsection. Id. § 6702(c). The Code further provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." 26 U.S.C. § 6751(b).

IRS Notice 2007-30, released on March 16, 2007, and published on April 2, 2007, provided a list of positions identified as frivolous for purposes of § 6702(c). IRS Notice 2007-30, 2007-1 C.B. 883. Among the positions identified as frivolous was the position that a taxpayer has the option to "elect to file a tax return reporting zero taxable income and zero tax liability even if the taxpayer received taxable income during the taxable period for which the return is filed." Id.

Subtitle A of the Code sets forth the statutes governing the federal income tax. See generally 26 U.S.C. §§ 1-1563. Section 1 provides for the imposition of an income tax on all "taxable income." Id. § 1. Section 63 defines "taxable income" as "gross income" minus the deductions that the chapter allows. Id. § 63(a). In turn, § 61(a) defines "gross income" as "all income from whatever source derived, including (but not limited to) . . . [c]ompensation for services." Id.

3

§ 61(a)(1). Under § 3402(a)(1), "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." Id. § 3402(a)(1). "Wages" are defined in reference to that section as "all remuneration . . . for services performed by an employee for his employer." Id. § 3401(a). The Code defines employer as "the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person." Id. § 3401(d). Finally, the Code defines a "person" as, among other things, "an individual," and this definition applies throughout the Code "where not otherwise distinctly expressed or manifestly incompatible." Id. § 7701(a). Section 6671 provides that, for purposes of applying assessable tax penalties, the term "person . . . includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." Id. § 6671(b).

We have said that arguments that wages are not taxable income have "been rejected by courts at all levels of the judiciary and are patently frivolous." Stubbs v. Comm'r of Internal Revenue Serv., 797 F.2d 936, 938 (11th Cir. 1986); see also Hyslep v. United States, 765 F.2d 1083, 1084 (11th Cir. 1985); Madison v. United States, 758 F.2d 573, 574 (11th Cir. 1985).

4

Here, Fennel fails to show that the Tax Court erred in upholding the IRS's penalty assessments under § 6702(a) or clearly erred in any of its underlying fact findings. To begin with, the record shows that the Tax Court did not err in determining that Fennel's returns, which listed zero income and zero tax liability in spite of the fact that he also stated that he worked a job and received pay that was withheld, contained information that on its face indicated that Fennel's self-assessment was substantially incorrect. See 26 U.S.C. § 6702(a)(1)(B). Moreover, Fennel's position that he had zero taxable income and zero tax liability even though he received taxable income during each of the relevant tax years was a position identified as frivolous for the purposes of § 6702(a) at the time Fennel filed his returns from June to November of 2007. See id. § 6702(a)(2)(A), (c); IRS Notice 2007-30, 2007-1 C.B. 883; see also, e.g., Stubbs, 797 F.2d at 938. Finally, Fennel's argument that the penalty assessments did not receive written supervisory approval is belied by the record, and he clearly qualifies as a "person" for purposes of § 6702. See 26 U.S.C. §§ 6671(b), 7701(a).

**AFFIRMED.**