[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12465
Non-Argument Calendar
_____

Agency No. 014531-10 L


ALFRED A. PORRO, JR.,
JOAN ATKINS PORRO,

Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(January 2, 2015)

Before TJOFLAT, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

In this case, Alfred A. Porro, Jr., and Joan Atkins Porro ("Taxpayers") petitioned the Tax Court to contest the decision of the IRS Office of Appeals ("Appeals Office") rejecting Taxpayers' offer-in-compromise as an alternative to the Commissioner's collection of Taxpayers' unpaid federal income tax liabilities for the years 1990 and 1991 by way of levy.  The petition was tried to the Tax Court on a fully stipulated record pursuant to Tax Court Rule 122.[1]  Taxpayers did not dispute their liability for the 1990 and 1991 taxes, so the Tax Court moved straight to the question of whether the Appeals Office had abused its discretion in rejecting their offer-in-compromise.  It held that no such abuse had occurred, and therefore upheld the Appeals Office's decision that the Commissioner could collect Taxpayers' unpaid income taxes through levy.

Taxpayers appeal the Tax Court's decision.  They present two arguments. The first is that the Commissioner's collection of their unpaid taxes is foreclosed

---

[1] Tax Court Rule 122, entitled "Submission Without Trial," provides:
(a) General: Any case not requiring a trial for the submission of evidence (as, for example, where sufficient facts have been admitted, stipulated, established by deposition, or included in the record in some other way) may be submitted at any time after joinder of issue . . . by motion of the parties filed with the Court. The parties need not wait for the case to be calendared for trial and need not appear in Court.
(b) Burden of Proof: The fact of submission of a case, under paragraph (a) of this Rule, does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof.

2

by the statute of limitations or is otherwise time-barred.[2]  We do not consider this

argument because Taxpayers did not present it to the Tax Court.  *Stubbs v.*

*Comm'r*, 797 F.2d 936, 938 (11th Cir. 1986).  The second argument is that the Tax

Court abused its discretion in upholding the Appeals Office's decision rejecting

their offer-in-compromise.[3]  They present this argument by incorporating by

---

[2]  The IRS must assess any tax within three years of a tax return being filed, except "in the case of a false or fraudulent return with the intent to evade tax," in which case "the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time."  I.R.C. § 6501(a), (c)(1).  The Internal Revenue Code also provides that a "tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun . . . within 10 years after the assessment of the tax."  *Id.* § 6502.  Thus, to the extent that the Commissioner's assessment is delayed due to taxpayer fraud, the commencement of this 10-year limitations period is likewise delayed.  Taxpayers stipulated before the Tax Court that the statute of limitations did not bar the Commissioner's collection efforts here because this case involves the filing of fraudulent returns.  Taxpayers also claim that the Commissioner is barred from collecting the taxes due because (1) in 1996, the Commissioner elected not to file a criminal tax-evasion charge against them and (2) in 2004, the Commissioner informed the federal district court in New Jersey that the IRS had no claim against the Taxpayers for the years 1990 and 1991.  Finally, Taxpayers claim that *Gabelli v. S.E.C.*, 568 U.S. ___, 133 S. Ct. 1216, 185 L. Ed. 2d 297 (2013), which held that the five-year limitations period for filing a 28 U.S.C. § 2462 action to collect a civil penalty begins when the offending act occurs, not when it was discovered, bars the collection of their 1990 and 1991 taxes.  *Gabelli* is inapposite.

[3]  The Appeals Office rejected the Taxpayers' offer-in-compromise after affording the Taxpayers a hearing at their request pursuant to 26 U.S.C. § 6330.  Section 6330, entitled "Notice and opportunity for hearing before levy," states, in pertinent part:

> (a) Requirement of notice before levy.--
> (1) In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. . . .
> . . . .
> (b) Right to fair hearing.--
> (1) In general.--If the person requests a hearing . . . and states the grounds for the requested hearing, such hearing shall be held by the Internal Revenue Service Office of Appeals.
> . . . .

3

reference arguments their *pro bono* counsel made to the Tax Court regarding collection-abuse issues.   By doing so, Taxpayers have waived their right to argue that the Tax Court improperly upheld the Appeals Office's rejection of their offer-in-compromise.  "Incorporating by reference to earlier filings is not a permissible way to present arguments to this court."  *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1273 (11th Cir. 2013).

AFFIRMED.

---

(3) Impartial officer.--The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) . . . .
(c) Matters considered at hearing.--In the case of any hearing conducted under this section--
. . .
(2) Issues at hearing.--
(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
. . . .
(ii) challenges to the appropriateness of collection actions; and
(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
. . . .
(3) Basis for the determination.--The determination by an appeals officer under this subsection shall take into consideration--
. . . .
(B) the issues raised under paragraph (2); and
(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

4