[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11576

Non-Argument Calendar

_____

BRIAN D. SWANSON,

Petitioner-Appellant,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition For Review of a Decision of the
U.S. Tax Court
Agency No. 6837-20

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Brian Swanson, a taxpayer proceeding *pro se*, appeals from the U.S. Tax Court's order determining that he owed $19,578 in income tax because of a deficiency from 2017. The Commissioner of the Internal Revenue Service (Commissioner), in turn, moves for summary affirmance of the Tax Court's order and for sanctions against Swanson in the amount of $8,000. Alternatively, the Commissioner moves to suspend briefing while the motion for summary affirmance is pending.

We will address the Commissioner's motion for summary affirmance first, followed by the motion for sanctions.

**I.**

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is

21-11576          Opinion of the Court          3

frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

The Constitution prohibits the imposition of direct taxes unless they are apportioned according to the census. U.S. Const. Art. I, § 9, cl. 4. A "direct tax" is one levied directly on property because of its ownership, while an "indirect tax" is levied on the "use" of property. *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 14 (1916). However, the Sixteenth Amendment provides that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived, *without apportionment* among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI (emphasis added). In *Brushaber*, the Supreme Court recognized that the Sixteenth Amendment authorizes a direct, non-apportioned income tax upon United States citizens throughout the country. *See Brushaber*, 240 U.S. at 12-19. Specifically, the Supreme Court explained that the Sixteenth Amendment's purpose was to relieve income taxes, although they were direct taxes, from the apportionment requirement and from consideration of the source of the income. *Id.* at 18-19.

Accordingly, arguments "that wages are not taxable income . . . . have been rejected by courts at all levels of the judiciary and are patently frivolous." *Stubbs v. Comm'r of Internal*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4                        Opinion of the Court                    21-11576

*Revenue Serv.*, 797 F.2d 936, 938 (11th Cir. 1986).  For example, we have specifically held as frivolous the following arguments:

> that [taxpayers'] wages are not income subject to tax but are a tax on property such as their labor; that only public servants are subject to tax liability; [and] that withholding of tax from wages is a direct tax on the source of income without apportionment in violation of the Sixteenth Amendment . . . .

*Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986). Consequently, in a nonbinding, unpublished opinion in another appeal by Swanson, we concluded that the argument he raised in that appeal — that his salary was not taxable as income — was frivolous under our precedent.  *Swanson v. United States*, 799 F. App'x 668, 670 (11th Cir. 2020) (unpublished).

Here, Swanson raises a different argument, that the federal income tax is unconstitutional because it is a direct tax without apportionment.   Nevertheless, it, too, is frivolous under our precedent.  *See Motes*, 785 F.2d at 928.  The Supreme Court has held the Sixteenth Amendment authorizes a direct, non-apportioned income tax upon United States citizens.   *See Brushaber*, 240 U.S. at 12-19.  Consequently, Swanson's argument his employment earnings are excluded from his gross income because the Constitution does not allow for direct, non-apportioned taxes to be imposed on taxable income is foreclosed in light of *Brushaber*.  *See id.*

21-11576                Opinion of the Court                5

Therefore, because Swanson's appeal is frivolous, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

## II.

Federal Rule of Appellate Procedure 38 allows a court of appeals, after a separately filed motion and reasonable opportunity to respond, to award damages and single or double costs to an appellee if the court determines that the appeal is frivolous. Fed. R. App. P. 38. Although we generally prefer that the government establish its costs and attorney's fees by affidavit, we have previously granted the government's motion for lump sum sanctions in the interest of judicial economy. *See, e.g.*, *King v. United States*, 789 F.2d 883, 884-85 (11th Cir. 1986); *see also Stubbs*, 797 F.2d at 938-39. We explained that "this procedure is [in the appellant's] interest since he would be liable for the additional costs and attorney's fees incurred during any proceedings on remand." *King*, 789 F.2d at 884-85.

Additionally, we have previously warned appellants seeking to argue that their wages are not taxable income "that they may be expected to have sanctions imposed against them if they continue to raise these sorts of frivolous contentions." *Hyslep v. United States*, 765 F.2d 1083, 1084-85 (11th Cir. 1985). In fact, in the unpublished opinion in Swanson's previous appeal, we concluded that Rule 38 sanctions were appropriate because (1) Swanson's arguments were frivolous, and (2) he had been warned about their frivolity through our precedent and the district court's express

statement that his position was frivolous.  *Swanson*, 799 F. App'x at 671-72.  Accordingly, we granted the government's motion and awarded a lump sum of $8,000 in sanctions.  *Id.* at 672.  Further, we have previously granted the government's motion for lump sum sanctions of $8,000 in another frivolous tax appeal.  *See Herriman v. Comm'r of Internal Revenue Serv.*, 521 F. App'x 912, 914 (11th Cir. 2013) (unpublished).

As discussed above, Swanson's arguments in this appeal have already been held to be frivolous.  As to whether his pursuit of this appeal warrants sanctions, Swanson was previously sanctioned for raising similar frivolous arguments.  *See Swanson*, 799 F. App'x at 671-72.  Similarly, the Tax Court expressly warned him that his position was frivolous when denying his motion for summary judgment.  In light of these warnings, particularly his previous appeal, Rule 38 sanctions are appropriate.

Thus, we GRANT the government's motion for sanctions and award $8,000 in sanctions.  Accordingly, we DENY all pending motions and petitions as moot.