[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13182

Non-Argument Calendar

_____

HENRY RAY CAMPBELL,

Plaintiff-Appellant,

*versus*

ADVANCED CORE CONCEPTS LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:18-cv-00434-MTT

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Henry Ray Campbell, proceeding *pro se*, appeals the district court's denial of his Fed. R. Civ. P. 60 motion for relief from its previous grant of summary judgment for his former employer, Advanced Core Concepts LLC ("ACC"), in Campbell's employment action. ACC has moved for sanctions, seeking attorney's fees and costs under Fed. R. Civ. P. 38 on the basis that the appeal is frivolous. After review, we affirm the district court, but we deny ACC's motion for sanctions.

## I.    Background

Although the only order on appeal is the district court's denial of Campbell's Rule 60 motion, a brief discussion of the underlying action is necessary for context. In 2018, Campbell, who is in his 70s, filed suit against ACC alleging retaliation in violation of the Age Discrimination in Employment Act ("ADEA"). He alleged that he complained to ACC's Human Resources Department that his supervisor was discriminating against him based on his age by denying his travel requests. Within the next few months, Campbell asserted that he experienced retaliation for his complaint in the form of (1) an e-mail from ACC's Chief Executive Officer ("CEO") that Campbell perceived as harassment; and (2) a "Letter of Warning" related to an alleged government official's complaints about

Campbell.   Campbell filed a discrimination complaint with the Equal Employment Opportunity Commission and ACC fired him a few days later for "insubordination."   He alleged that these adverse actions violated the ADEA.

ACC moved for summary judgment, arguing that the adverse employment actions occurred because Campbell "insubordinately undermin[ed] the relationship with [its] main customer by [making] harassing, baseless, and spurious accusations against both ACC and its customers."   ACC provided several examples, including a complaint about Campbell made by Jerome Jones, a manager with one of ACC's customers.[1] Campbell opposed the motion for summary judgment.

The district court granted ACC's motion for summary judgment, concluding that Campbell could not establish a *prima facie* claim of retaliation.   Furthermore, even if Campbell could establish a *prima facie* claim, ACC established legitimate, nondiscriminatory reasons for his termination, and Campbell

---

[1] Jones, a program manager for the Department of Defense AIMS program, reported that an e-mail Campbell sent to a French government official about the AIMS program "negatively represented" the program.   Jones requested that, after completion of current projects, Campbell not be assigned to anymore of Jones's projects.   This complaint was the basis of the letter of warning Campbell received.   According to ACC, after receiving the letter of warning, Campbell disregarded previous instructions on addressing workplace issues and continued to act in a disruptive and harassing manner accusing Jones of "unethical practices" and of being "a threat to [Campbell's] safety."

failed to show those reasons were pretextual.  Campbell appealed, but later voluntarily dismissed the appeal.

Approximately five months after his voluntary dismissal of his appeal, Campbell filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(3) and (d).[2]  He argued that ACC committed fraud upon the court by making material factual misrepresentations during the summary judgment proceeding, including misrepresentations about Jones's relationship with ACC, his role, and his authority.[3]  Thus, he argued, ACC obtained the summary judgment verdict through fraud and misrepresentation, which entitled Campbell to relief under Rule 60.  ACC opposed the motion.

The district court denied Campbell's motion.[4]  It concluded that he should have raised his misrepresentation and fraud

---

[2] Rule 60(b)(3) provides that, within a year of the entry of a final judgment, the court may relieve a party from the judgment due to "fraud . . ., misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3), (c).  Additionally, a court may at any time "set aside a judgment for fraud on the court."  *Id.* Rule 60(d)(3).

[3] Briefly, Campbell argued that contrary to ACC's assertions during the summary judgment proceeding, neither the AIMS program nor Jones were direct customers of ACC; a regulation prohibited Jones from having direct contact with ACC; and Jones did not have the authority to comment on Campbell's performance or make personnel decisions.

[4] Notably, in a footnote, the district court described the Rule 60 motion as apparent "gamesmanship" on Campbell's part, explaining that Campbell's arguments were available to him when he voluntarily dismissed his appeal

arguments in his opposition to summary judgment. The district court also concluded that, even if ACC "misrepresented Jones's role and authority," those misrepresentations would not have altered its conclusion that Campbell could not establish a *prima facie* claim of retaliation. Finally, the district court found that Campbell's allegations of fraud were not the type of "egregious conduct that would constitute fraud upon the court under Rule 60(d)." Campbell filed a notice of appeal.

Meanwhile, ACC moved for sanctions under Fed. R. Civ. P. 11 in the district court, and that motion remains pending. ACC has also moved for sanctions in this Court.

## II.    Discussion

### A. Rule 60 motion

Campbell argues that the district court abused its discretion in denying his Rule 60 motion because ACC committed fraud on the court during the summary judgment proceeding. He maintains that the district court's summary judgment decision "could not possibly have been the same without the lies, misrepresentations, and egregious misconduct by ACC." He argues that he could not have known of the effect of ACC's misrepresentations until the district court issued its summary judgment decision, and thus he should not be faulted for not

---

from the order granting summary judgment, and noting that he filed the Rule 60 motion "only after the [c]ourt dismissed" a subsequent lawsuit he filed against ACC on *res judicata* grounds.

making these arguments previously.[5] ACC asserts that this appeal is frivolous, and it should be awarded sanctions under Fed. R. App. P. 38.

We review the denial of a Rule 60(b)(3) and Rule 60(d)(3) motion for abuse of discretion. *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quotation omitted).

### (i)  Rule 60(b)(3) motion

"An appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). In other words, a Rule 60(b) motion cannot be used "as a substitute for a proper and timely appeal." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation omitted).

Rule 60(b)(3) provides relief from final judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R.

---

[5] In his reply brief, Campbell argues that ACC "tries to work the same fraud on this Court that was so successful in the district court."

Civ. P. 60(b)(3). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).[6] To prevail on a Rule 60(b)(3) motion, a party must "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharm.*, 478 F.3d at 1314 (alteration adopted) (quotation omitted). "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).

Campbell's motion raised issues that he could have raised in his opposition to the motion for summary judgment or on direct appeal, and a Rule 60(b) motion is not a substitute for a direct appeal. *Cavaliere*, 996 F.2d at 1115. Moreover, Campbell did not establish by clear and convincing evidence that any fraud or misrepresentation actually occurred. But even assuming that he demonstrated fraud or misrepresentation by clear and convincing evidence, he failed to show that it prevented him from fully presenting his case. *Frederick*, 205 F.3d at 1287. As the district court noted the alleged misrepresentations would not have altered the district court's conclusion that Campbell failed to

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

establish a *prima facie* claim for retaliation. Accordingly, the district court did not abuse its discretion in denying Campbell's Rule 60(b)(3) motion.

### (ii) Rule 60(d)(3)

Similarly, the district court did not abuse its discretion in denying Campbell's Rule 60(d)(3) motion. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court" for purposes of Rule 60(d)(3). *Rozier*, 573 F.2d at 1338 (quotation omitted). Even assuming ACC made factual misrepresentations concerning Jones's relationship with ACC, his role, and his authority, those misrepresentations do not rise to the level of the type of egregious misconduct contemplated by Rule 60(d)(3). *Id.*

### B. Sanctions

ACC has moved for an award of double costs and attorney's fees and expenses on appeal, arguing that the appeal is frivolous, and Campbell is engaged in "gamesmanship" as noted by the district court. Campbell opposes the motion, arguing that his appeal is not frivolous.

Federal Rule of Appellate Procedure 38 provides that if we "determine[] that an appeal is frivolous, [we] may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Generally, where, as here, the appellant is

*pro se*, we have declined requests to impose sanctions under Rule 38. *See Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir. 1993); *Hyslep v. United States*, 765 F.2d 1083, 1084–85 (11th Cir. 1985). Nevertheless, we have made exceptions and imposed sanctions against *pro se* appellants who were attorneys themselves or who were explicitly warned by the district court that their claims were frivolous *See, e.g.*, *United States v. Morse*, 532 F.3d 1130, 1132–33 (11th Cir. 2008) (imposing sanctions on *pro se* appellant who had been warned in the district court that his tax claims were "utterly without merit"); *Bonfiglio v. Nugent*, 986 F.2d 1391, 1394–94 (11th Cir. 1993) (imposing sanctions on a *pro se* appellant who was also an attorney); *Pollard v. Comm'r*, 816 F.2d 603, 604–05 (11th Cir. 1987) (imposing sanctions on *pro se* appellant who brought tax claims that were determined to be frivolous in a previous suit, and for which appellant had been sanctioned).

Although this appeal borders on the frivolous, none of the special circumstances for awarding sanctions against a *pro se* party exist in this case. There is no indication that Campbell is an attorney. Further, even though the district court described the Rule 60 motion as "gamesmanship," it did not explicitly warn Campbell that his arguments were frivolous. Thus, we exercise the discretion afforded us by Rule 38 and decline to impose sanctions on Campbell at this time. *See Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7 (1987) ("Rule 38 affords a court of appeals plenary discretion to assess 'just damages' in order to penalize an appellant who takes a frivolous appeal and to compensate the

injured appellee for the delay and added expense of defending the district court's judgment "); *Woods*, 3 F.3d at 404 ("There can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been represented by counsel. However, since this suit was filed *pro se*, we conclude that sanctions would be inappropriate.").

**AFFIRMED.  MOTION FOR SANCTIONS DENIED.**