[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11846

Non-Argument Calendar

————————————————

BRIAN D. SWANSON,

Petitioner-Appellant,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

————————————————

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 2526-23

————————————————

2                    Opinion of the Court                    24-11846

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Brian Swanson, proceeding *pro se*, appeals from the Tax Court's order and opinion determining he owed a deficiency of $15,648 for tax year 2019 and ordering a sanction of $15,000 for bringing frivolous claims. Swanson contends the Tax Court erred in calculating a deficiency and in ordering sanctions because his earnings do not constitute income within the meaning of Subtitle A. He also asserts the federal income tax is unconstitutional under the Uniformity Clause since it does not apply equally to residents of Puerto Rico. The Commissioner of the Internal Revenue Service (Commissioner), in turn, moves for summary affirmance of the Tax Court's order and to suspend briefing while the motion for summary affirmance is pending. After review,[1] we affirm the Tax Court.

We conclude summary affirmance is warranted because Swanson's appeal is frivolous. *See Groendyke Transp., Inc. v. Davis*,

---

[1] We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Meruelo v. Comm'r of Internal Revenue*, 923 F.3d 938, 943 (11th Cir. 2019) (quotation marks omitted). We review the Tax Court's interpretation of a provision in the Internal Revenue Code *de novo*. *Id*. We review questions of constitutional law *de novo*. *Kentner v. City of Sanibel*, 750 F.3d 1274, 1278 (11th Cir. 2014). Finally, we review the Tax Court's imposition of sanctions pursuant to 26 U.S.C. § 6673 for abuse of discretion. *Pollard v. Comm'r, I.R.S.*, 816 F.2d 603, 604 (11th Cir. 1987).

24-11846                Opinion of the Court                3

406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). Swanson has been informed in prior appeals by this Court that the same arguments he advances in this appeal lack merit. *See Swanson v. United States* (*Swanson I*), 799 F. App'x 668, 670 (11th Cir. 2020); *Swanson v. United States* (*Swanson III*), No. 23-11739, 2023 WL 5605738 at \*2 (11th Cir. Aug. 30, 2023). We have previously rejected Swanson's argument that his salary as a public school teacher is not taxable income as "patently frivolous" and meritless on multiple occasions,[3] including in Swanson's own prior appeals. *Swanson I*, 799 F. App'x at 671; *Swanson III*, 2023 WL 5605738 at \*2. Therefore, Swanson's argument the Tax Court incorrectly calculated his tax deficiency with reference to the wrong amount of taxable income rather than an unknowable amount permitted under Subtitle A[4] is frivolous. *See Groendyke Transp., Inc.*, 406 F.2d at 1161-62.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[3] *See Stubbs v. Commissioner*, 797 F.2d 936, 938 (11th Cir. 1986) (stating arguments "that wages are not taxable income . . . have been rejected by courts at all levels of the judiciary and are patently frivolous"); *Biermann v. Commissioner*, 769 F.2d 707, 708 (11th Cir. 1985) (rejecting as frivolous the argument that wages are not "income").

[4] Subtitle A of the Internal Revenue Code describes the income tax and provides that "gross income means all income from whatever source derived,"

We also previously rejected as frivolous Swanson's argument the federal income tax is unconstitutional under the Uniformity Clause because it does not apply equally to residents of Puerto Rico. *See Swanson III*, 2023 WL 5605738 at *2 ("First, it is not clear that the Uniformity Clause applies to income taxes, as the Supreme Court has noted that the uniformity requirement is not imposed on all taxes authorized by the Constitution, but only to 'duties, imposts and excises.' Further, Swanson's reliance on the differential treatment of Puerto Rico is misplaced. . . . the majority opinion in *Vaello Madero*[5] still permits Puerto Rico to be treated differently based on current precedent." (citations omitted)).

Finally, Swanson's claim the Tax Court abused its discretion in sanctioning him for his frivolous claims is itself frivolous. *See* 26 U.S.C. § 6673(a)(1)(B) (providing the Tax Court may require a taxpayer to pay a penalty not exceeding $25,000 if the taxpayer maintains a position in Tax Court proceedings that is frivolous or groundless). He presented claims that were previously rejected by this Court and others, including in his own prior cases, as patently frivolous and has a history of meritless appeals in the Tax Court and this Court. *See Pollard v. Comm'r, I.R.S.*, 816 F.2d 603, 604-05 (11th Cir. 1987) (holding the Tax Court did not abuse its discretion in imposing sanctions where a taxpayer raised frivolous arguments

---

followed by a non-exhaustive list that includes compensation for services, including fees, commissions, fringe benefits, and similar items, and gross income derived from business. 26 U.S.C. § 61(a)(1), (2).

[5] *United States v. Vaello Madero*, 596 U.S. 159, 161-66 (2022).

24-11846                Opinion of the Court                5

previously rejected by the Court and had a history of frivolous tax claims).

Accordingly, because Swanson's appeal is frivolous, we GRANT the Commissioner's motion for summary affirmance and DENY as moot the Commisioner's motion to suspend the briefing schedule.

**AFFIRMED.**[6]

---

[6] Swanson's motion to correct his opening brief is GRANTED.