[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10427

Non-Argument Calendar

_____

BRIAN D. SWANSON,

                                                      Petitioner-Appellant,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

                                                      Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 10254-22

_____

2                    Opinion of the Court                    25-10427

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Brian Swanson appeals *pro se* the tax court's determination that he owed a $16,690 deficiency for the 2018 tax year and $25,000 in sanctions for bringing frivolous claims. Swanson argues that he is not required to report his wages as income and that the federal income tax is unconstitutional. The Commissioner of the Internal Revenue Service moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the interpretation of the Internal Revenue Code *de novo. Meruelo v. Comm'r*, 923 F.3d 938, 943 (11th Cir. 2019). We review constitutional challenges *de novo. Kentner v. City of Sanibel*, 750 F.3d 1274, 1278 (11th Cir. 2014). And we review the imposition of sanctions for abuse of discretion. *Pollard v. Comm'r*, 816 F.2d 603, 604 (11th Cir. 1987).

Swanson's arguments are frivolous. We have previously rejected as frivolous his contentions that his salary did not constitute income and that the federal income tax is unconstitutional under the Uniformity Clause. U.S. CONST. art. I § 8, cl. 1. And the tax court

did not abuse its discretion in imposing sanctions because Swanson raised the same arguments we previously rejected as frivolous and has a history of frivolous tax claims. *See Pollard*, 816 F.2d at 604–05 (holding that the tax court did not abuse its discretion in imposing sanctions when a taxpayer raised frivolous arguments that had previously been rejected and had a history of frivolous tax claims). Because Swanson's appeal is frivolous, we **GRANT** the Commissioner's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**